**IT IS ORDERED**

**Date Entered on Docket: August 24, 2017**

_____

**The Honorable David T. Thuma
United States Bankruptcy Judge**



_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

CODY RYAN SEABOLT  Case No. 13-17-10429-TF
*dba* Sunshine Services Window Cleaning, Inc.
*dba* Spotless Solutions, Inc.
HEATHER RENE SEABOLT

       Debtors.

### DEFAULT ORDER GRANTING PINGORA LOAN SERVICING, LLC RELIEF FROM AUTOMATIC STAY AND ABANDONMENT OF PROPERTY TO PINGORA LOAN SERVICING, LLC LOCATED AT 3 ROAD 3788 FARMINGTON, NEW MEXICO 87401

This matter came before the Court on the Motion for Relief from Automatic Stay for the Abandonment of Property to Pingora Loan Servicing, LLC, filed on July 21, 2017, (DOC 44) (the "Motion") by Pingora Loan Servicing, LLC ("Pingora"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a) On July 21, 2017, Pingora served the Motion and a notice of the Motion (the "Notice") on Gerald Velarde, Attorney for Debtors and Kelley L. Skehen, Trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtors Cody Ryan Seabolt, and Heather Rene Seabolt, by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b) The Motion relates to the property located at 3 Road 3788 Farmington, New Mexico 87401, more fully described as:

> Lot 142, of the MORNINGSTAR TOWN RANCHES NO. 3, San Juan County, New Mexico, as shown on the Plat of said Subdivision filed for record September 11, 1997.

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes (the "Property"). If there is a conflict between the legal description and the street address, the legal description shall control.

(c) The Notice provided for an objection deadline of 21 days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

(d) The Notice was sufficient in form and content;

(e) The objection deadline expired on August 14, 2017;

(f) As of August 22, 2017, neither the Debtor nor the Trustee, nor any other party in interest, filed an objection to the Motion;

(g) The Motion is well taken and should be granted as provided herein; and

(h) By submitting this Order to the Court for entry, the undersigned counsel for Pingora certifies under penalty of perjury that, on the date this Order was presented Rose L. Brand & Associates, P.C. searched the data banks of the Department of Defense Manpower Data

Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor is currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §362(d), Pingora and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

    (a) To enforce its rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtors are parties, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtors or the Property, or both, in any court of competent jurisdiction; and

    (b) To exercise any other right or remedy available to it under law or equity with respect to the Property.

2. The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Pingora need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtors, in the event that a discharge order is entered. The Debtors can be named as a defendants in litigation to obtain judgment or to repossess the Property in accordance with applicable non-bankruptcy law, pursuant to any discharge order entered.

4. This Order does not waive Pingora's claim against the estate for any deficiency owed by the Debtors after any foreclosure sale or other disposition of the Property. Pingora may filed an amended proof of claim this bankruptcy case within thirty (30) days after a foreclosure sale of the Property, should it claim that Debtors owe any amount after the sale of the Property.

5. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

7. Pingora is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with the Debtors and to enter into a loan modification with the Debtors.

XXX END OF ORDER XXX

RESPECTFULLY SUBMITTED:

ROSE L. BRAND & ASSOCIATES, P.C.

By: /s/Andrew P. Yarrington
ANDREW YARRINGTON
Attorney for Pingora
7430 Washington NE
Albuquerque, NM 87109
Telephone: (505) 833-3036
Andrew.Yarrington@roselbrand.com


Copied to:

Cody Ryan Seabolt
Heather Rene Seabolt
11 Road 6194
Kirtland, NM 87417

Gerald Velarde
Attorney for Debtors
2531 Wyoming NE
Albuquerque, NM 87112
Telephone: (505) 248-1828
velardepc@hotmail.com

Kelley L. Skehen
Chapter 13 Trustee
625 Silver Avenue SW, Suite 350
Albuquerque, NM 87102-3111
Telephone: (505) 243-1335
orders@ch13nm.com